UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAMION LINTON, ) ) ) Petitioner, ) ) v. ) ) JAMES SABA, ) ) Respondent. ) ) | Civil Action No. 10-40101-FDS |

MEMORANDUM AND ORDER ON
RESPONDENT'S MOTION TO DISMISS

**SAYLOR, J.**

This is a petition for a writ of habeas corpus under 28 U.S.C. § 2254 by a person in state custody. Petitioner Damion Linton was convicted of first-degree murder and was sentenced to life in prison without the possibility of parole. The Massachusetts Supreme Judicial Court affirmed his conviction on direct appeal in April 2010. Linton, proceeding *pro se*, has now filed a petition for a writ of habeas corpus, in which he objects only to the validity of the warrant authorizing his extradition from North Carolina to Massachusetts. Respondent James Saba, the superintendent of NCCI-Gardner, has moved to dismiss the petition on the ground that Linton has not exhausted the claim in state courts. For the following reasons, the motion will be granted and the petition will be dismissed.

**I.      Background**

The facts of the case are set out in extensive detail in the opinion of the Massachusetts Supreme Judicial Court affirming Linton's conviction. *See Commonwealth v. Linton*, 456 Mass. 534, 536-43 (2010). The Court will briefly recount the facts relevant to this opinion.

Shirley and Cedric Harvey discovered the body of their daughter Andrea Harvey, a mathematics teacher at East Boston High School, in her apartment in Cambridge, Massachusetts, on the afternoon of February 24, 2005. The Commonwealth's medical examiner later determined that the cause of Harvey's death was manual strangulation. The examiner estimated that she had died between eight and twenty-four hours before her body was found.

At the time of her death, Harvey was married to Damion Linton, the petitioner. Linton had called Harvey's parents from North Carolina early in the afternoon of February 24; the call was what prompted them to check on her welfare. In the call, Linton said that he had left for North Carolina the day before to retrieve some items sent from his mother. He claimed to have last seen Harvey on the night of February 22.

Linton was arrested in North Carolina on the evening of February 26 by local officers, a Cambridge police officer, and a Massachusetts state trooper. After signing an extradition waiver, he was transferred to Massachusetts. On March 22, he was indicted for Harvey's murder. On May 16, 2006, a jury convicted him of murder in the first degree on a theory of extreme atrocity or cruelty. He was sentenced to life in prison without the possibility of parole. The trial judge denied his subsequent motion for a new trial.

Linton timely appealed his conviction to the Supreme Judicial Court. He raised the following five claims on appeal: (1) the evidence adduced at trial was insufficient to support a guilty verdict; (2) the evidence was insufficient to support the jury's finding of extremely atrocious or cruel murder under Massachusetts law; (3) the trial judge erred by admitting evidence of an excited utterance; (4) the trial judge erred by refusing to instruct the jury on involuntary manslaughter as a alternative to murder; and (5) he was denied the effective assistance of counsel

at trial.

In a thorough opinion issued on April 16, 2010, the SJC considered and rejected each of these claims. *Linton*, 456 Mass. at 543-56. Pursuant to its duty to review the entire record in a capital case under Mass. Gen. Laws ch. 278, § 33E, the court identified and addressed two additional evidentiary issues—the propriety of the admission of a videotape and of DNA evidence—not pressed by Linton on appeal. *Id.* at 557-60. It determined that admission of the videotape was not error and that if admission of the DNA evidence without accompanying statistical evidence was error, it did not result in a substantial likelihood of miscarriage of justice. *See* Mass. Gen. Laws ch. 278, § 33E. The SJC accordingly affirmed Linton's conviction and the denial of the motion for a new trial. *Linton*, 456 Mass. at 561.

In early May 2010, Linton filed a petition for a writ of habeas corpus under Mass. Gen. Laws ch. 248, § 1 with the Supreme Judicial Court. The petition reasserted many of the claims made at trial and on direct appeal, but also raised new claims, among them the challenge to the extradition proceedings and warrant. The clerk of the SJC informed Linton by letter that in order to enter the petition onto the docket of the single justice, he must comply with the filing requirements under Mass. Gen. Laws ch. 261, §§ 27A-27G. This Court is not aware of any further action taken on the petition by petitioner or the SJC. It does not appear that petitioner filed a motion for a new trial under Mass. R. Crim. P. 30(b).[1]

---

[1] The Court notes that a Rule 30(b) motion, filed in the Superior Court, is the "exclusive vehicle for postconviction relief in Massachusetts" seeking to challenge the sentence, conviction, or confinement imposed. *Leaster v. Commonwealth*, 385 Mass. 547, 549 (1982); *see also Petition of Stuart*, 411 Mass. 566, 568 (1992). By contrast, a petition for a writ of habeas corpus under Mass. Gen. Laws ch. 248, § 1 "may be brought by an individual who contends that 'the term of a lawfully imposed sentence has expired,' . . . and who bases his arguments on 'grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage.'" *Petition of Stuart*, 411 Mass. at 568 (quoting *In re Averett*, 404 Mass. 28, 30, 31 (1989)). As petitioner does not contend that he is entitled to immediate release, but rather raises a substantive challenge to the legality of the extradition

3

Linton filed a petition for a writ of habeas corpus in this Court on June 4, 2010. The sole claim in the petition alleges that the warrant authorizing his extradition from North Carolina to Massachusetts was defective because he was not a fugitive from Massachusetts. Although the petition does not identify the provision of the Constitution or the federal law on which the claim is premised, it presumably is based on Article IV, § 2, cl. 2 of the United States Constitution and the federal Extradition Act, 18 U.S.C. § 3182. In December 2010, respondent filed a motion to dismiss the petition for failure to exhaust state remedies.

## II. Analysis

Respondent contends that because petitioner did not raise in any state court proceeding the challenge to the warrant authorizing his extradition, the claim is unexhausted and the habeas petition must be dismissed.[2] A petitioner seeking federal habeas relief must first exhaust all remedies available in state court with respect to the claims asserted in his petition. 28 U.S.C. § 2254(b)(1); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Adelson v. DiPaola*, 131 F.3d 259, 261 (1st Cir. 1997). By ensuring that state courts have the first opportunity to review a prisoner's claims and to provide any necessary relief, the exhaustion requirement promotes respect for states as co-equal sovereigns and fosters comity between federal and state courts. *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Fusi v. O'Brien*, 621 F.3d 1, 5 (1st Cir. 2010).

A prisoner seeking federal habeas relief must "fairly present" his claim to state courts in

---

proceedings, he appears to have invoked the wrong procedural mechanism for postconviction relief in Massachusetts courts.

[2] Because petitioner raised the challenge to the Governor's warrant for the first time in his petition to the Supreme Judicial Court, the claim may be procedurally defaulted. *See, e.g.*, *In re Vasquez*, 428 Mass. 842, 844 (1999) (stating that because a habeas petitioner raised a challenge to his fugitive status in the Governor's warrant for the first time on appeal, the court "need not consider" the claim). But respondent does not press the argument, and as it does not effect the outcome, the Court will not consider it further.

order to give state courts the opportunity to assess an alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). He "bears a heavy burden to show that he fairly and recognizably presented to state courts the factual and legal bases of [his] federal claim." *Fusi*, 621 F.3d at 6 (citing *Adelson*, 131 F.3d at 261). Claims are not deemed exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." *Id.* § 2254(c).

Petitioner did not argue his extradition claim at trial or on direct appeal. Although the Supreme Judicial Court independently raised two evidentiary issues in its plenary review under Mass. Gen. Laws ch. 278, § 33E, it did not consider any issues surrounding the extradition process or the Governor's warrant. The first time petitioner raised the claim was in his recent filing under Mass. Gen. Laws ch. 248, § 1 with the SJC. That court has not had the opportunity to assess the claim; indeed, it appears that a docket number has not yet been assigned to the petition. As no state court has been given any opportunity to assess the claim, much less a fair opportunity, the claim is plainly unexhausted.

Petitioner protests that his claim is exhausted because he submitted a habeas petition to the single justice of the SJC before filing the federal habeas petition. The unresolved and thus-far-unconsidered petition to the highest state court clearly does not constitute fair presentation for the purposes of exhaustion. Petitioner has not raised the extradition claim in a motion for a new trial under Mass. R. Crim. P. 30(b). As he retains the right under state law to raise the claim in such a motion, the claim may not be deemed exhausted by this Court. 28 U.S.C. § 2254(c).

Petitioner could have challenged the validity of the extradition warrant before his case even went to trial and at any of the numerous proceedings in state court. He did not do so. No

factual record regarding the claim has been developed. If the claim is not already procedurally defaulted, consideration of the legal issue and development of a record should begin in the state court system. *See Gunter v. Maloney*, 291 F.3d 74, 81 (1st Cir. 2002).

## III.   Conclusion

For the foregoing reasons, respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus is DISMISSED without prejudice.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: June 10, 2011 | United States District Judge |